672 So.2d 1007 (1996)
STATE of Louisiana,
v.
Cornelius K. ELLIS.
No. 95-KA-1005.
Court of Appeal of Louisiana, Fifth Circuit.
March 26, 1996.
John M. Mamoulides, District Attorney, Terry M. Boudreaux, Assistant District Attorney, Gretna, for Plaintiff-Appellee.
Bruce G. Whitaker, Indigent Defender Board, Gretna, for Defendant-Appellant.
Before GAUDIN, DUFRESNE and WICKER, JJ.
DUFRESNE, Judge.
The defendant was charged by bill of information with armed robbery in violation of *1008 LSA-R.S. 14:64. He proceeded to trial and the jury returned with a verdict of guilty as charged. After denying the defendant's motion for new trial, the trial court sentenced the defendant to 18 years at hard labor without benefit of parole, probation or suspension of sentence but with credit for time served.

FACTS
In the early morning of July 6, 1994, the defendant entered Danny and Clyde's, a convenience store located on Behrman Highway on the westbank of Jefferson Parish, and purchased a beer. The defendant then walked to the candy rack where he remained until the cashier, Claudette Barabino, finished with another customer at the checkout counter. After that customer departed, the defendant approached the counter, apparently to purchase some candy, but instead he instructed Barabino to surrender the contents of the cash register drawer. Barabino testified that, "at the time, my drawer wouldn't open, so he put his hand in his right hand pocket and then told me, `I'm going to count to three, and if you don't give it to me, then I'm going to let you have it.'" As the defendant began counting, the drawer opened and Barabino removed it from the register and placed it on the counter. The defendant then "grabbed" the currency which totaled $48 and fled the scene in a rust colored vehicle driven by another male.
Subsequently, Officer Coussou stopped the vehicle and ordered both the defendant and the other male to exit the vehicle. Upon searching the defendant, Officer Coussou found a pocket knife and some currency in his right front pocket. Officer Coussou also found additional currency inside the vehicle.

ASSIGNMENT OF ERROR NUMBER ONE
The trial court erred in denying appellant's motion for a new trial.

DISCUSSION
The defendant contends that the trial court erred in denying his motion for new trial grounded on a claim that there was insufficient evidence that the defendant was armed with a dangerous weapon, an essential element of the crime of armed robbery. Specifically, the defendant argues that his statement threatening to "let" the victim "have it" coupled with the fact of his carrying in his pocket a small folded pocket knife was simply insufficient to support a verdict of guilty of armed robbery. Therefore, the defendant asserts that his conviction of armed robbery should be set aside and the case remanded for entry of a judgment of guilty of first degree robbery and for sentencing of the defendant.
Initially, it is noted that on a motion for new trial, the trial court may assess only the weight of the evidence. The question of sufficiency of evidence should be raised by motion for post verdict judgment of acquittal. LSA-C.Cr.P. art. 821; State v. Edwards, 25,963 (La.App.2d Cir. 5/4/94), 637 So.2d 600. Since the subject of this assignment of error is really sufficiency of the evidence, and this is a constitutional issue, we treat it as though it had been properly framed under LSA-C.Cr.P. art. 821. State v. Edwards, supra.
In evaluating the sufficiency of the evidence, the standard to be used by the appellate court is whether viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt of every element of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Mussall, 523 So.2d 1305 (La. 1988).
LSA-R.S. 14:64 provides that an armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon. LSA-R.S. 14:2(3) defines "dangerous weapon" to include "any gas, liquid or other substance or instrumentality, which, in the manner used, is calculated or likely to produce death or great bodily harm."
The term "dangerous weapon" is not limited to those instrumentalities which are inherently dangerous, but includes any instrumentality "which in the manner used, is calculated or likely to produce death or great bodily harm." State v. Bonier, 367 So.2d 824 (La.1979). The "dangerousness" of the instrumentality by reason of the manner in *1009 which it is used is a question of fact for the jury to decide. State v. Bonier, supra. However, no weapon need ever be seen by the victim, or witnesses, or recovered by the police for the trier of fact to be justified in finding that in fact the defendant was armed with a dangerous weapon. State v. Elam, 312 So.2d 318 (La.1975).
In the instant case there was no direct evidence establishing that the defendant was armed with a dangerous weapon; thus to convict, the circumstantial evidence must exclude every reasonable hypothesis of innocence, assuming every fact to be proved that the evidence tends to prove. LSA-R.S. 15:438. Considering that the defendant placed his hand in his right front pocket and threatened to "let" the victim "have it" and that subsequently Officer Coussou found a pocket knife in his right front pocket, the circumstantial evidence established that the defendant was armed with a pocket knife at the time of the offense.
Although the defendant did not brandish the pocket knife, by standing in front of the counter and placing his hand in his pocket he presented a very threatening situation to the victim. She had no way of knowing whether he had a gun or some other dangerous weapon.
Under these circumstances the elements of armed robbery have been met and the jury, as the trier of fact, was correct in finding the defendant guilty of armed robbery. See State v. Mitchell, 442 So.2d 806 (La.App. 4th Cir.1983), where the evidence establishing that the defendant committed a robbery by "sticking" a sharp object in the victim's side which she perceived to be a knife was sufficient to support the defendant's conviction of armed robbery.
In the instant case, the victim believed that the defendant was armed with a dangerous weapon and under the circumstances this was reasonable to so assume.
Accordingly, the defendant's conviction and sentence are affirmed.
AFFIRMED.