844 So.2d 159 (2003)
STATE of Louisiana
v.
Noel E. DAUZART.
No. 02-KA-1187.
Court of Appeal of Louisiana, Fifth Circuit.
March 25, 2003.
*161 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Alison Wallis, Assistant District Attorneys, Gretna, LA, for Plaintiff-Appellee.
Margaret S. Sollars, Louisiana Appellate Counsel, Thibodaux, LA, for Defendant-Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SOL GOTHARD and MARION F. EDWARDS.
EDWARD A. DUFRESNE, Jr., Chief Judge.
The Jefferson Parish District Attorney filed a bill of information charging defendant, Noel E. Dauzart, with three counts of armed robbery, in violation of LSA-R.S. 14:64.[1] The matter subsequently proceeded *162 to trial on two of the counts. After considering the evidence presented, the twelve person jury unanimously found defendant guilty as charged on the two counts. The trial judge sentenced defendant to sixty years at hard labor without benefit of parole, probation or suspension of sentence on each count, to run concurrently.
This court, in State v. Dauzart, 99-730 (La.App. 5 Cir. 11/30/99), 749 So.2d 806, affirmed defendant's convictions and sentences. Thereafter, the Louisiana Supreme Court reversed defendant's convictions based on a violation of his right to testify and remanded the matter to the trial court for a new trial. State v. Dauzart, 99-3471 (La.10/30/00), 769 So.2d 1206.
Following this second trial, the jury found defendant not guilty on count one, the armed robbery of Janice Mackenroth Schaler, and guilty on count two, the armed robbery of Christy Brupbacher. As a result of this conviction, the trial judge sentenced defendant to fifty years at hard labor.
The state subsequently filed a bill of information, pursuant to LSA-R.S. 15:529.1, alleging defendant to be a third felony offender. After a hearing, the judge found defendant to be a third felony offender, vacated defendant's previous sentence, and imposed an enhanced sentence of life imprisonment at hard labor without benefit of parole, probation or suspension. Defendant now appeals.

FACTS
On October 4, 1996, an armed robbery occurred at the Williams Boulevard branch of the Metro Bank. On that date, Richard Hannon entered the bank, armed with a gun, and demanded that the tellers, Carrie Berthelot, Janice Schaeler, and Christy Brupbacher, hand over all the money in their drawers. The perpetrator stole approximately $29,000, and exited the bank.
An alarm was activated during the robbery, and the police immediately arrived at the scene. Officer Oscar Munoz of the Kenner Police Department parked his unit, bumper to bumper, with a green Nissan Maxima, located right around the corner from the bank on Florida Avenue. The officer observed a black male sitting in the driver's seat of the vehicle. As Munoz was exiting his vehicle, he noticed another black male, carrying a white bag, run to the driver's side of the vehicle and get into the rear seat. The car then sped around the officer's unit and traveled down Florida Avenue toward 32nd Street. Officer Munoz pursued the vehicle to the Esplanade Mall.
The two suspects, one carrying a white tote bag and the other a black backpack, entered the mall, and split up. However, officers eventually apprehended both individuals. At the time of defendant's apprehension, he was in possession of a black backpack containing money stolen from a robbery at Regions Bank earlier that morning. When Hannon was arrested, a white bag containing the money stolen from Metro Bank was found on the floor by his feet. The tellers from the bank positively identified Hannon as the perpetrator of the robbery. Officer Munoz identified defendant as the driver of the vehicle and Hannon as the individual who entered the rear seat of the Maxima.

ASSIGNMENT OF ERROR NUMBER ONE
In his first assigned error, defendant asserts that the evidence was insufficient to support his conviction for the armed robbery of Christy Brupbacher that *163 occurred at Metro Bank because it was based on tainted and unreliable testimony. Specifically, defendant argues that the testimony of his co-defendant, Richard Hannon, was unbelievable considering the deal that Hannon received in exchange for his testimony. Defendant also contends that the testimony of Officer Lynch was filled with contradictions and that the other state's witnesses were lying.
In determining a challenge to the sufficiency of the evidence, the reviewing court must decide whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the state proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Mitchell, 99-3342 (La.10/17/00), 772 So.2d 78, 82. When circumstantial evidence is used to prove the commission of the offense, LSA-R.S. 15:438 mandates that "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." On appeal, the reviewing court does not determine whether another possible hypothesis suggested by a defendant could afford an exculpatory explanation of the events. Rather, the court must evaluate the evidence in a light most favorable to the state and determine whether the possible alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt. State v. Mitchell, 772 So.2d at 83.
In the present case, defendant was convicted as a principal to armed robbery. LSA-R.S. 14:64 defines armed robbery as "the taking of anything of value from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon." All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals. LSA-R.S. 14:24. Not all principals are automatically guilty of the same grade of offense as the main offender because the mental state of the offenders may be different. Thus, an individual may only be convicted of a principal for those crimes which he personally has the requisite mental state. State v. Saylor, 01-451 (La.App. 5 Cir. 11/27/01), 802 So.2d 937, 941, writ denied, 01-3406 (La.10/4/02), 826 So.2d 1122.
In the present case, defendant claimed that he was not a willing participant to the crime. At trial, defendant testified that on the day of the robbery, he saw Hannon, and Hannon offered to give him some money if defendant would give him a ride to the bank. Defendant agreed. While sitting in his car, defendant noticed a police officer a block away and thereafter Hannon jumped into the back of his car, put a gun to his head and ordered him to drive. Defendant claimed that he was unable to get the attention of the police officer at that time. According to defendant, Hannon ordered him to drive as far as he could which led them to the mall. At the mall, Hannon ordered defendant to get out of the car and to run into the mall with him. Once inside the mall, defendant was able to get away from Hannon. Defendant then saw the police and asked for help, but instead, a police officer hit him in the head with a gun.
In contrast to this testimony, Hannon testified that he and defendant planned the robbery.[2] According to Hannon, on the *164 day before the robbery, he and defendant drove to a Wal-Mart in Chalmette where defendant purchased bullets for the gun which was used in the robbery. Also, defendant and Hannon drove to Metro Bank where defendant entered the bank to "scope out" the bank's security, pretending he was interested in applying for a loan. The following day, Hannon went into the bank, robbed it, and then got into the waiting vehicle. Defendant, the driver of the vehicle, drove around the police officer's unit and fled the scene. Hannon denied that he ever threatened or forced defendant at gunpoint to participate in the robbery. He also denied that he had offered defendant gas money in exchange for a ride to the bank.
On appeal, defendant argues that Hannon's plea bargain with the state made his testimony unbelievable since he had a strong motivation to lie. In the present case, the jury was made aware of the circumstances surrounding Hannon's testimony, including Hannon's relationship with defendant, his extensive criminal record, and his plea agreement with the state. After being presented with all the facts, the jury found Hannon's testimony to be credible. It is not the function of the appellate court to second-guess the credibility determinations of the trier of fact or to reweigh the evidence. In evaluating credibility, the trier of fact, when faced with a conflict, is free to accept or reject, in whole or in part, the testimony of any witness. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient to support a conviction. State v. Saylor, 802 So.2d at 942.
Defendant also argues that Officer Lynch's testimony was tainted because he denied knowledge of any injury to defendant's head, which was refuted by medical records entered into evidence. Officer Lynch only testified to the facts and circumstances of defendant's arrest in the Esplanade Mall. His testimony did not have any bearing on whether or not defendant aided and abetted Hannon in the commission of the bank robbery. As this testimony did not relate to the robbery itself, we cannot find that it tainted the jury's perception of the facts.
As part of his challenge to the sufficiency of the evidence, defendant also argues that because the windows on the Nissan Maxima were heavily tinted, Officer Munoz's testimony that he did not see Hannon holding a gun to defendant's head would not have discredited defendant's version of events. However, Munoz testified that he was parked bumper to bumper with the Maxima and did not see a gun to defendant's head when he looked through the windshield. In addition, the officer testified that at no time did defendant try to get his attention or appear to be in distress.
Based on the foregoing discussion, we find that the evidence presented was sufficient to prove that defendant helped plan the crime and assisted in furthering its completion. Accordingly, we find that a rational trier of fact, viewing the evidence in a light most favorable to the prosecution, could have found that the state proved the essential elements of the crime beyond a reasonable doubt. This assigned error is without merit.

ASSIGNMENT OF ERROR NUMBER TWO
In his second assignment of error, defendant argues that the trial court erred in *165 allowing the introduction of other crimes evidence. He specifically asserts that the court erred in admitting evidence of an earlier robbery at Regions Bank because the state could not sufficiently establish that defendant was a perpetrator of this robbery. He further argues that evidence of the Regions Bank robbery prejudiced the jury and was introduced solely to portray him as a person of bad character.
Evidence of other crimes or bad acts committed by a criminal defendant is generally not admissible at trial. LSA-C.E. art. 404B(1); State v. Prieur, 277 So.2d 126, 128 (La.1973). However, when such evidence tends to prove a material issue and has independent relevance other than showing that the defendant is of bad character, it may be admitted by certain statutory and jurisprudential exceptions to the exclusionary rule. State v. Aleman, 01-743 (La.App. 5 Cir. 1/15/02), 809 So.2d 1056, 1065.
LSA-C.E. art. 404B(1) provides:
Other crimes, wrongs, or acts. (1)Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.
In order for other crimes evidence to be admitted, certain requirements must be met. Under Prieur, the state must provide written notice to the defendant of the acts it intends to prove, along with the exception to the exclusionary rule upon which it relies. One of the factors enumerated in LSA-C.E. art. 404(B)1 must be at issue, have some independent relevance or be an element of the crime charged. State v. Jackson, 625 So.2d 146, 149 (La.1993); State v. Maise, 99-734 (La. App. 5 Cir. 3/22/00), 759 So.2d 884, 893, writ granted, 00-1158 (La.9/14/01), 795 So.2d 1219, judgment aff'd, 00-1158 (La.1/15/02), 805 So.2d 1141. Prieur further requires that the state show by clear and convincing evidence that the defendant committed the other crimes. However, LSA-C.E. art. 1104, enacted in 1994, requires that the burden of proof in a Prieur hearing in Louisiana courts be the same as that provided by the Federal Rules of Evidence, Art. IV, Rule 404. In Huddleston v. United States, 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988), the United States Supreme Court found the clear and convincing standard is no longer the required standard of proof, and that the applicable standard is a preponderance of the evidence.
This court has recognized the preponderance of the evidence standard as the burden of proof in a Prieur hearing. State v. Aleman, 809 So.2d at 1064; State v. Maise, 759 So.2d at 893; The Louisiana Supreme Court has declined to address the question of how LSA-C.E. art. 1104 and Huddleston affect the burden of proof with respect to other crimes evidence. See State v. Hills, 99-1750 (La.5/16/00), 761 So.2d 516 and State v. Galliano, 02-2849 (La.1/10/03), 839 So.2d 932.
Additionally, the probative value of the extraneous evidence must outweigh its prejudicial effect. State v. Maise, 759 So.2d at 894. The burden is on the defendant to show that he was prejudiced by the *166 trial court's admission of Prieur evidence. State v. Temple, 01-655 (La.App. 5 Cir. 12/12/01), 806 So.2d 697, 709.
In the present case, the state filed a written notice detailing its intent to use evidence of the armed robbery of Regions Bank, which occurred the same day as the Metro Bank robbery and which was allegedly committed by Hannon and defendant. In the notice and attached memorandum, the state asserted that it would use those acts to show defendant's knowledge, intent, guilty knowledge and motive, particularly because it demonstrates defendant's intent to commit the crimes as specified in a relatively short time span at similar locations and within short distance of each other. The court thereafter conducted a hearing to determine the admissibility of the other crimes evidence. The evidence presented at the Prieur hearing established the following: (1) Richard Hannon was identified as being the armed man who robbed Regions Bank on October 4, 1996; (2) Hannon was also identified as being the armed man who robbed Metro Bank that same morning; (3) defendant was seen by Officer Munoz waiting in his vehicle outside of Metro Bank very near the time of the Metro Bank robbery; (4) Hannon, the man identified as being the armed robber of both banks, entered the back seat of defendant's vehicle immediately following the Metro Bank robbery; (4) defendant and Hannon then fled the scene in defendant's vehicle, driving to Esplanade Mall; (5) defendant was apprehended at the mall carrying a bag containing money stolen from Regions Bank. Based upon the evidence presented at the Prieur hearing, we find that the state, under either burden of proof, presented sufficient evidence of defendant's involvement in the Regions Bank robbery.
We further find that the evidence of the Regions Bank robbery was relevant for a purpose other than to show that defendant committed the charged offense or that he was simply a bad person. In particular, the evidence was relevant in establishing defendant's intent and knowledge. Defendant contended at trial that he was forced at gunpoint to drive Hannon away from Metro Bank and that he was later forced to accompany Hannon into Esplanade Mall. However, evidence, that defendant was running from police and carrying a backpack with money stolen from Regions Bank earlier that morning, indicates defendant's knowledge that Hannon was going to rob Metro Bank and his intent to participate in the robbery.
We also find that the probative value of the Prieur evidence outweighed its prejudice to defendant given the fact that intent was at issue.
Based on the foregoing discussion, we conclude that the trial judge did not err in admitting evidence of the Regions Bank robbery. This assigned error is without merit.

ASSIGNMENT OF ERROR NUMBER THREE
In his third assigned error, defendant argues that the trial court erred by not giving a limiting instruction pertaining to the other crimes evidence.
Defendant filed a motion for new trial arguing that the trial court committed error in that no limiting charge was given to the jury regarding evidence of past acts. The trial judge denied defendant's motion for new trial, stating as follows:
... Reasonably in advance of the trial, the State filed 404B "Prieur notice" providing the evidence of past acts it intended to introduce at trial. At the conclusion of evidence, the court held a jury charge conference in which a variety of issues regarding charges were *167 discussed. Both counsel and the court agreed on the charges to be given to jury. Those instructions were read to the jury, and at no time did defense counsel object. No objection or assignment of error may now be made on that ground (C.Cr.P.801).
Furthermore, this court does not recall any objection made by the defendant during trial to introduction of evidence of past acts by the state. In fact, the defendant actually offered much, if not most, of the testimony regarding the his [sic] past acts.
Defendant contends that, notwithstanding C.Cr.P. article 801, that the court should have instructed the jury regarding consideration of past acts of the defendant, and that a new trial is therefore merited. This contention disregards well-settled law that the party desiring special jury charges must object at trial. Moreover, it cannot be presumed by the court that a defendant wishes for such an instruction, or that giving one is necessarily preferable. Whether it is actually preferable that such an instruction be given is a matter of discretion for counsel, who may prefer that the jury not be reminded of the defendant's past crimes during the reading of jury charges.
We agree with this reasoning by the trial judge. LSA-C.Cr.P. art. 801C provides that a party may not assign as error the giving or failure to give a jury charge or any portion thereof unless an objection thereto is made before the jury retires or within such time as the court may reasonably cure the alleged error. In the present case, defendant did not object to the charges given or to the trial court's failure to give a limiting instruction. Therefore, this issue was not properly preserved for appellate review.
Moreover, even had the issue been properly preserved for review, we find no merit to defendant's argument. Under State v. Prieur, supra, the court, at the request of the defendant, must offer a limiting instruction to the jury at the time the evidence is introduced and also must charge the jury at the close of the trial of the limited purpose the other crimes evidence serves in that they cannot convict the defendant for any crime other than the one charged. State v. Guidroz, 98-377 (La.App. 5 Cir. 10/14/98), 721 So.2d 480, 486, writ denied, 98-2874 (La.2/26/99), 738 So.2d 1061. LSA-C.E. art. 105 further provides:
When evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly. Failure to restrict the evidence and instruct the jury shall not constitute error absent a request to do so.
In the present case, defendant did not request a limiting instruction for the other crimes evidence. Accordingly, we find no error in the trial court's failure to give such a charge.
For these reasons, we find no merit to the arguments raised by defendant in this assigned error.

ASSIGNMENT OF ERROR NUMBER FOUR
In his fourth assigned error, defendant argues that the trial court erred in denying his motion to quash the multiple bill because of an unreasonable delay in its being filed. He also asserts that the increased sentence which was imposed was vindictive and was given to penalize him for having successfully attacked his first conviction. We have found an error patent *168 which requires that we vacate defendant's multiple offender adjudication and sentence. Therefore, we find it unnecessary, at this point, to address the issues raised in this assigned error.

ERROR PATENT DISCUSSION
We have also reviewed the record for errors patent according to LSA-C.Cr.P. art. 920 and State v. Oliveaux, 312 So.2d 337 (La.1975). Our review reveals a reversible error in the multiple offender proceedings. The bill of information in defendant's 1989 conviction for attempted possession of a firearm by a person convicted of a felony shows that the 1988 conviction for possession of marijuana was used as the underlying felony to support the firearm charge. If a felon in possession of a firearm conviction is used to enhance a subsequent conviction, the underlying felony used as an element of the firearm conviction may not be used in the multiple bill, as this constitutes double enhancement. Accordingly, we are required to vacate defendant's multiple offender adjudication and sentence. See State v. Bailey, 97-493 (La.App. 5 Cir. 11/12/97, 703 So.2d 1325) and State v. Davis, 02-565 (La.App. 4 Cir. 12/11/01), 834 So.2d 1170.
For the reasons set forth herein, we affirm defendant's armed robbery conviction and vacate his multiple offender adjudication and sentence. The matter is remanded for resentencing of defendant for armed robbery. Further, habitual offender proceedings, if any, must await a new action by the state on a properly drawn bill of information.
CONVICTION OF ARMED ROBBERY AFFIRMED; CONVICTION AND SENTENCE AS HABITUAL OFFENDER VACATED; CASE REMANDED.
NOTES
[1] The bill of information also charged co-defendant, Richard Hannon, with three counts of armed robbery; however, he withdrew his original plea of not guilty and pled guilty as charged. This appeal pertains only to Noel Dauzart.
[2] As a result of an earlier hearing, Hannon was ruled to be an unavailable witness pursuant to LSA-C.E. art. 804(A). Hannon's testimony from defendant's earlier trial was read to the jury.