WICKER, J.,
concurs with reasons.
| ^though I agree with the majority’s ultimate conclusions in this case, I disagree with the majority’s analysis regarding the admission of evidence concerning Mr. Robinson’s prior criminal history. As discussed by the majority, Louisiana law provides that evidence of other crimes, wrongs, or acts is not admissible to prove that the accused committed the charged crime because he has committed other such crimes in the past. La.Code Evid. art. 404(B)(1); State v. Dauzart, 02-1187, (La.App. 5 Cir. 3/25/03), 844 So.2d 159, 165. Such evidence may be admissible for other purposes, including proof of identity. At least one of the purposes enumerated in Louisiana Code of Evidence article 404(B)(1) must be at issue, have some independent relevance, or be an element of the crime charged. State v. Jackson, 93-0424 (La.10/18/93), 625 So.2d 146, 149.
Even if the evidence of other crimes is independently relevant, it must be excluded if its probative value is outweighed by the dangers of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay or waste of time. La.Code Evid. art. 403. Louisiana’s Supreme Court has warned against the “substantial risk of grave prejudice to a defendant” when a court admits evidence of other acts of misconduct. State v. Prieur, 277 So.2d 126, 128 (La.1973).
|Jn this case, I believe that the trial court abused its discretion by admitting evidence of Mr. Robinson’s prior criminal record. When the State filed its Notice of Intent to Use Other Crimes Evidence, it alleged that the purpose of admitting the evidence was to show identity. However, the State provided no explanation of how Mr. Robinson’s prior convictions tended to prove his identity. Furthermore, a review of record reflects that Mr. Robinson’s identity was never truly at issue in this matter. Mr. Robinson was filmed by police in the midst of a drug transaction, and was also identified by their Cl. Detective Thomas also identified Mr. Robinson in a lineup subsequent to his arrest. Therefore, evidence of Mr. Robinson’s prior criminal activity served no probative purpose in this case.
For the foregoing reasons, although I agree with the majority’s ultimate conclusion in this case, I believe that the trial court abused its discretion by admitting evidence of Mr. Robinson’s prior criminal history.