[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1276 
¶ 1. Wanza McGuffie filed suit against Ray Herrington and Jo Ann Herrington, husband and wife, in Lincoln County Circuit Court, alleging a variety of civil claims. The court granted summary judgment on behalf of the Herringtons, finding that no genuine issue of material fact existed in support of McGuffie's claims. Aggrieved, McGuffie appeals and asserts that the court erred in granting summary judgment.[1]
 ¶ 2. Finding error, we affirm in part and reverse and remand in part.
 FACTS ¶ 3. McGuffie was dating Sedgie Herrington,[2] Ray's brother, on October 31, 2002, when Sedgie had a stroke. According to McGuffie, Sedgie asked her to take care of some of his things, namely a truck and some personal property, until he got out of the hospital. Thereafter, Ray and Jo Ann initiated a series of actions against McGuffie in an attempt to retrieve Sedgie's property. Eventually both civil and criminal actions were prosecuted against McGuffie, who prevailed against all of the claims. The last criminal case was disposed of on July 9, 2003.
 ¶ 4. On July 8, 2004, McGuffie filed a civil complaint in the Lincoln County Circuit Court against the Herringtons, alleging false imprisonment, false arrest, negligent infliction of emotional distress, intentional infliction of emotional distress, civil conspiracy, simple negligence, and malicious prosecution. On May 1, 2006, the Herringtons filed a memorandum in *Page 1277 
support of summary judgment,[3] which the court granted. In the memorandum, the Herringtons contended that the statute of limitations had run on all of McGuffie's claims. The trial court found that the statute of limitations had run on all of the claims except the claims for malicious prosecution and negligent infliction of emotional distress but that there was no genuine issue of material fact present as to any of the claims, thereby warranting the grant of summary judgment.
 ¶ 5. Additional facts, as necessary, will be related during our analysis and discussion of the issue.
 ANALYSIS AND DISCUSSION OF THE ISSUE ¶ 6. "We apply `a de novo standard of review to the trial court's grant of summary judgment.'" Lamar v. Thomas FowlerTrucking, Inc., 956 So.2d 878, 881 (¶ 8) (Miss. 2007) (quoting Moss v. Batesville Casket Co., 935 So.2d 393,398 (¶ 15) (Miss. 2006)). Summary judgment should be granted only when the evidence presented shows "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Id. (quoting M.R.C.P. 56(c)). The party moving for summary judgment, in this case the Herringtons, "bears the burden of demonstrating that no genuine issues of material fact exist for presentation to the trier of fact, and the non-moving party [here McGuffie] must be given the benefit of every reasonable doubt." Id. at 881 (¶ 9) (quoting Moss, 935 So.2d at 398 (¶ 16)). There is always a genuine issue of material fact when "one party swears to one version of the matter in issue and another says the opposite." Id. (quoting Moss, 935 So.2d at 398 (¶ 17)).
 ¶ 7. We find that summary judgment was proper as to all of McGuffie's claims except as to the claim for malicious prosecution, because the statute of limitations had run on all of the actions except the claims for malicious prosecution and negligent infliction of emotional distress when McGuffie filed her complaint.[4]
 ¶ 8. False arrest and false imprisonment are similar torts that share a one-year statute of limitations. Mound Bayou v.Johnson, 562 So.2d 1212, 1218 (Miss. 1990). Unlike McGuffie's malicious prosecution claim, which ripened only when she was finally acquitted of the last charges against her, the false arrest and false imprisonment[5] claims ripened much earlier and, due to the statute of limitations, were no longer viable when McGuffie filed her *Page 1278 
complaint against the Herringtons. The one-year statute of limitations also applies to and bars McGuffie's claim of civil conspiracy. See Gasparrini v. Bredemeier,802 So.2d 1062, 1065-66 (¶¶ 7-10) (Miss.Ct.App. 2001). In addition, we note that McGuffie has provided no facts to support her conspiracy claim other than allegations and the mere association of Ray and Jo Ann. A one-year statute of limitations also bars McGuffie's claim for intentional infliction of emotional distress. Southern v. Miss. State Hosp.,853 So.2d 1212, 1214-16 (¶¶ 3-13) (Miss. 2003).
 ¶ 9. With the exception of malicious prosecution, negligent infliction of emotional distress is the only claim that survived the statute of limitations. The Mississippi Supreme Court has discussed what proof a plaintiff must put on to prove a claim of negligent infliction of emotional distress:
 "[M]ental anguish is a nebulous concept and requires substantial proof for recovery." Further, "if the case [is] one of ordinary garden variety negligence, the plaintiffs would have to prove some sort of injury, whether it be physical or mental. If the conduct was not malicious, intentional or outrageous, there must be some sort of demonstrative harm."
Ill. Cent. R.R. Co. v. Hawkins, 830 So.2d 1162,1174 (¶ 26) (Miss. 2002) (citations omitted). Although McGuffie's negligent infliction of emotional distress claim survived the statute of limitations, it was still properly dismissed at summary judgment because she failed to produce any genuine issue of material fact regarding the claim. Specifically, McGuffie produced no evidence whatsoever, in her pleadings or any other documents, indicating that she has suffered any "demonstrative harm" as a result of the Herringtons' actions. Therefore, this claim was also properly dismissed at summary judgment.
 ¶ 10. Finally, we note that McGuffie's simple negligence claim is indistinguishable from her malicious prosecution claim. In both, she alleges that the Herringtons are liable civilly to her because they failed to properly investigate the facts surrounding McGuffie's possession of Sedgie's things. Therefore, like the trial court, we find that the simple negligence claim survives only in the form of McGuffie's malicious prosecution claim. See Childers v. Beaver DamPlantation, Inc., 360 F.Supp. 331, 333 (N.D.Miss. 1973).
 ¶ 11. The statute of limitations did not run on the malicious prosecution claim until July 9, 2004, one year after McGuffie was acquitted of the last charges against her.[6]See Jackpot Miss. Riverboat, Inc. v. Smith,874 So.2d 959, 961 (¶ 5) (Miss. 2004). Therefore, McGuffie's malicious prosecution claim, filed on July 8, 2004, was timely. McGuffie also provided a genuine issue of material fact regarding her malicious prosecution claim. The Herringtons, who bear the burden of showing that there is no genuine issue of material fact present, have not proven that there is no genuine issue regarding the claim.
 ¶ 12. In their brief, the Herringtons contend that the malicious prosecution claim is barred by the statute of limitations. As we have already found, McGuffie's malicious prosecution claim was not barred by the statute of limitations. The Herringtons make no further argument *Page 1279 
about malicious prosecution specifically, although they do contend generally that: "In Response to the Herrington's [sic] Motion for Summary Judgment, McGuffie relied upon the allegations of her pleadings, with no accompanyingaffidavits or specific facts."
 ¶ 13. A review of McGuffie's response to the Herringtons' memorandum in support of summary judgment belies the Herringtons' claims. In her response, McGuffie alleged that there were genuine issues of material fact with respect to the following: (1) whether Ray Herrington had a valid power of attorney for Sedgie, (2) whether Ray Herrington had any authority to file criminal charges against McGuffie, and (3) whether the Herringtons adequately investigated the facts surrounding McGuffie's possession of Sedgie's property. Additionally, in McGuffie's response to interrogatories posed by the Herringtons, McGuffie alleged: "The Herringtons wanted to prosecute me for having possession of Sedgie's things, even though Sedgie requested that I keep his things until he got out of the hospital. The Herringtons had no standing to file charges against me, because they did not own these items." In addition, in the same interrogatory responses, McGuffie listed multiple witnesses who had knowledge of the facts surrounding Sedgie's grant of temporary possession of his things to McGuffie.
 ¶ 14. While the evidence McGuffie produced regarding malicious prosecution was far from robust, we find that it was sufficient to overcome the significant hurdle that a party must overcome for summary judgment. Accordingly, we reverse and remand for further proceedings on only the malicious prosecution claim.
 ¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF LINCOLNCOUNTY IS AFFIRMED IN PART AND REVERSED AND REMANDED IN PART FORPROCEEDINGS CONSISTENT WITH THIS OPINION. ONE-HALF OF THE COSTOF THIS APPEAL IS TO BE PAID BY THE APPELLANT, AND THE REMAININGONE-HALF IS TO BE PAID BY THE APPELLEES.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
[1] McGuffie separately asserts that the court erred in not giving her a ten-day notice of its intent to rule on the Herringtons' motion for summary judgment. We note that nearly two months passed between the filing of the request for summary judgment and the court's ruling on the motion, during which time McGuffie filed a response to the request and the Herringtons filed a response to McGuffie's response. Clearly, McGuffie had time to file additional affidavits or request a hearing prior to the court's ruling. Additionally, this issue is moot as to McGuffie's malicious prosecution claim, as we find error in that part of the court's ruling.
[2] Sedgie's name is also spelled "Seggie" in various parts of the record. For consistency, we use "Sedgie" throughout.
[3] Although not raised as an issue by either party or by the court below, we note that the record is devoid of an actual motion for summary judgment. Upon our request for a supplementation of the record with the motion, the Lincoln County Circuit Court Clerk responded that, according to her records, a "motion for summary judgment has not been filed." Since neither party makes any issue as to the lack of an actual motion, we treat the filed memorandum as a motion.
[4] McGuffie contends that the Herringtons were barred from raising the statute of limitations in their request for summary judgment because they had not raised it as an affirmative defense in their initial response to McGuffie's complaint. However, the Mississippi Supreme Court has held that the statute of limitations can be raised for the first time at summary judgment if sufficient time is given to the plaintiff to respond. Bennett v. Madakasira, 821 So.2d 794,802 (¶ 29) (Miss. 2002). McGuffie had sufficient time to respond to the issue. Therefore, the court did not err in allowing the Herringtons to raise it for the first time in their memorandum.
[5] There is no evidence in the record that McGuffie was imprisoned, other than a brief period while she was questioned by Judge Judy Martin in the judge's chambers pursuant to a criminal affidavit lodged by the Herringtons.
[6] In their memorandum in support of summary judgment, the Herringtons stated that the criminal charges against McGuffie "were dismissed . . . on or about February 20, 2003." It is unclear where the Herringtons got this date; in its order granting summary judgment, the court found that the last criminal action against McGuffie terminated in her favor on July 9, 2003.