KING, C.J.,
 

 for the Court.
 

 ¶ 1. On July 26, 2002, Alvin Robinson was arrested for allegedly taking a wallet and wedding ring from the counter of the Hill City Oil Company, Inc. d/b/a/ Jubilee Chevron in Madison, Mississippi. The wallet and ring belonged to Denise Bell, a customer, who had inadvertently left the items on the counter. Robinson was detained for 110 days in the Madison County Jail and subsequently indicted by a Madison County grand jury for grand larceny for stealing the wallet and ring belonging to Bell. On November 12, 2002, Robinson was released, and the indictment against him was nolle prossed. On November 7, 2003, Robinson filed a civil suit against the Jubilee Chevron and Mahalie Nelson (Nelson) for malicious prosecution, false imprisonment, intentional infliction of emotional distress, defamation, negligence, and gross negligence. On December 29, 2006, the trial court denied Robinson’s motion for partial summary judgment as to liability and granted Jubilee Chevron and Nelson’s motion for summary judgment. On April 4, 2007, the case was dismissed with prejudice. Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On July 17, 2001, Denise Bell entered the Jubilee Chevron located at 1088 Highway 51, Madison, Mississippi to purchase some Skoal. After being informed that the store was out of the product, Bell
 
 *664
 
 left the store and returned to her car. After she left the store, Bell realized that she had inadvertently left her wallet on the counter. When Bell returned to the store to retrieve her wallet, she was informed by the store cashier, Nelson, that the wallet was not there. During the dialogue between Bell and Nelson, two other Jubilee Chevron employees, Barron Kleinhans, a maintenance person for Hill City Oil Company, Inc., and Tiffany Hayes, the store’s manager, entered the store. Having overheard Bell complaining about, the missing wallet, Kleinhans, Hayes, -and Bell reviewed the store’s surveillance videotape to see if they could determine what had happened to the wallet. The surveillance tape showed a male customer taking the wallet from the cashier’s counter. Nelson was asked to review the surveillance tape to determine if she had waited on the male customer who purchased a fountain drink and stole the wallet. The man was believed to be ■ Alvin Robinson. Following further discussion, the Madison Police Department was notified. After the police arrived and the surveillance videotape was reviewed again, Bell filed a complaint; Nelson was instructed by the officer to contact the police department if Alvin Robinson returned to the store. Although the man identified as allegedly having taken the wallet was believed to be Alvin Robinson, Nelson testified in her deposition that she told Bell, Hayes, and Kleinhans that she did not think the man depicted in the surveillance video as taking the wallet was Robinson.
 

 ¶ 3. On July 18, 2001, Robinson entered Jubilee Chevron, made a purchase, and returned to the vehicle in which he was a passenger. As instructed, Nelson informed the police department that Robinson had returned to the store and was outside. Shortly, thereafter, a Madison police officer arrived and questioned Robinson; the officer then arrested Robinson for taking the wallet. Robinson was released later the same day on July 18, 2001. On October 17, 2001, Robinson was indicted by a Madison County Grand Jury for grand larceny. On July 26, 2002, Robinson was arrested after execution of capias instanter. Robinson testified that he was denied bail because the court considered him to be a flight risk.
 

 ¶ 4. After having been detained in the Madison County Jail for 110 days, Robinson was released on November 12, 2002, and the indictment against him was nolle prossed for lack of evidence. On November 7, 2003, Robinson filed a civil suit against Jubilee Chevron and Nelson.
 

 ¶ 5. On January 4, 2005, Robinson filed a motion for partial summary judgment as to liability. The Jubilee Chevron and Nelson responded to Robinson’s motion for partial summary judgment as to liability and also moved for summary judgment. The trial court heard both motions on December 8, 2006. On December 29, 2006, the trial court rendered judgment denying Robinson’s motion for partial summary judgment and granting Jubilee Chevron and Nelson’s motion for summary judgment. On April 4, 2007, the case was dismissed with prejudice with all costs assessed to Robinson. Aggrieved, Robinson appeals and asserts two assignments of error for review and consideration by this Court: (1) whether the trial court erred by denying Robinson’s motion for partial summary judgment as to liability, and (2) whether the trial court erred by granting Jubilee Chevron and Nelson’s motion for summary judgment.
 

 STANDARD OF REVIEW
 

 ¶ 6. This Court reviews the grant or denial of summary judgment de novo.
 
 McClinton v. Delta Pride Catfish, Inc.,
 
 792 So.2d 968, 972(¶ 7) (Miss.2001). This de
 
 *665
 
 novo review requires an evaluation of all evidentiary matters before the Court, including admissions in pleadings, answers to interrogatories, depositions, and affidavits.
 
 Id.
 
 “The evidence must be viewed in the light most favorable to the party against whom summary judgment has been made.”
 
 Id.
 
 The burden of proof is upon the movant to establish that no genuine issue of material fact exists.
 
 Id.
 
 If after having done so, the Court is convinced that no genuine issue of material fact exists, then summary judgment should be granted in favor of the moving party, but if doubt exists, then it should be resolved in favor of the non-moving party.
 
 Id.
 

 ANALYSIS
 

 ¶ 7. Robinson asserts two assignments of error. First, he alleges that the trial court erred in denying his motion for partial summary judgment as to liability. Second, he alleges that the trial court erred in granting Jubilee Chevron and Nelson’s motion for summary judgment. Because both issues pertain to the propriety of denying or granting the respective summary judgment motions, the Court will consider them together.
 

 ¶ 8. Robinson’s complaint raised claims of malicious prosecution, false imprisonment, intentional infliction of emotional distress, negligence, and gross negligence. We will address each of the claims raised by Robinson, separately.
 

 A. Malicious Prosecution
 

 ¶ 9. To prevail on a claim of malicious prosecution, Robinson must prove by a preponderance of the evidence the six elements of malicious prosecution. These elements are: “(1) [t]he institution of a proceeding!;] (2) by, or at the insistence of the defendant!;] (3) the termination of such proceeding in the plaintiffs favor!;] (4) malice in instituting the proceedings!;] (5) want of probable cause for the proceeding!;] and (6) the suffering of the injury or damage as a result of the prosecution.”
 
 McClinton,
 
 792 So.2d at 973(¶ 8). If Robinson fails to prove any one of the elements of malicious prosecution, his claim fails.
 
 Croft v. Grand Casino Tunica, Inc.,
 
 910 So.2d 66, 72(¶ 14) (Miss.Ct.App.2005).
 

 ¶ 10. Robinson contends that Nelson, while acting within the scope of her employment, identified him as the male customer who took Bell’s wallet. Robinson alleges that as a result of Nelson’s insistence when identifying him as the culprit, he was wrongfully accused and confined to jail for 110 days. Robinson also argues that Nelson’s statement that “well if he didn’t get it, he can prove himself that he didn’t” indicates that Nelson was not acting in good faith, and she did not honestly believe that Robinson took the wallet. Robinson asserts that Nelson’s accusations were based on conjecture and set the criminal proceedings in motion. Although the charges against Robinson were subsequently dismissed, he asserts that Nelson’s insistence of his guilt caused him to lose 110 days of living in freedom, which he will never be able to recover.
 

 ¶ 11. It is true that Robinson did serve 110 days in jail due to the initiation of criminal proceedings, and he was not able to return to his job as a construction worker when the charges against him were dismissed on November 8, 2002. However, Robinson failed to make a prima facie case of malicious prosecution because the proof was deficient as to some of the essential elements. While Robinson’s proof is deficient in several ways, the primary deficiency is that neither Nelson nor Jubilee Chevron initiated the proceedings against Robinson.
 

 ¶ 12. A citizen has the privilege to initiate criminal proceedings by filing a
 
 *666
 
 complaint with the proper authority' as long as he or she “acts either in good faith, i.e., for a legitimate purpose or with reasonable grounds to believe” that the person against whom proceedings are initiated may be guilty of the offense of which he is charged.
 
 Benjamin v. Hooper Elec. Supply Co.,
 
 568 So.2d 1182, 1187 (Miss.1990). It was not Nelson who directly instituted criminal proceedings against Robinson. Bell, the individual to whom the wallet belonged, filed a complaint naming Robinson as the person who stole her wallet, which initiated the criminal proceedings against Robinson.
 

 ¶ 13. However, a person may indirectly institute criminal proceedings by knowingly providing information with the expectation that it will serve as a catalyst for a criminal proceeding. However, that individual will incur no liability, unless he knowingly provides false information with the expectation that some proceeding would flow from that information. “[M]erely providing accurate information to police may not be instigation, [but] knowingly giving false information may be an attempt to influence the officer’s judgment in deciding whether to effect an arrest.”
 
 Downtoum Grill, Inc. v. Connell,
 
 721 So.2d 1113, 1118(¶ 15) (Miss.1998) (quoting
 
 Godines v. First Guar. Savs. & Loan Ass’n,
 
 525 So.2d 1321, 1325 (Miss.1988)). There is nothing in the record to suggest that Nelson gave false information regarding Robinson or his actions, or intended to influence his arrest.
 

 ¶ 14. Nelson merely followed the instructions of the Madison Police Department to notify them when Robinson returned to the store. Nelson notified the Madison Police Department on the morning of July 18, 2006, that Robinson had returned to the store. Subsequently, Nelson was directed to take the surveillance videotapes to the police station, and at the insistence of law enforcement officers, she gave a statement.
 

 ¶ 15. There is no evidence to indicate that either Jubilee Chevron or Nelson instituted criminal proceedings against Robinson.
 

 .¶ 16. To impose liability there must be an affirmative action that would advise, encourage, or pressure the institution of criminal proceedings. “Mere knowledge of, or acquiescence or consent in, the acts of another is not sufficient to make one liable.”
 
 Downtown Grill,
 
 721 So.2d at 1117(¶ 12). In this case, there is no affirmative action by Nelson or Jubilee Chevron that instigates, encourages, or pressures the investigating or prosecuting authorities to pursue this matter.
 

 ¶ 17. In a sworn affidavit, Bradley Wilkinson, assistant district attorney for Madison County, indicated criminal proceedings against Robinson were initiated and carried out by his office without the insistence or instigation of Nelson or Jubilee Chevron; instead, the proceedings were carried out based on probable cause.
 

 ¶ 18. Even if this Court, by some stretch of the imagination, were to find that Nelson and Jubilee Chevron were responsible for the arrest of Robinson, his claim of malicious prosecution would still fail for failure to establish malice. Malice means that “prosecution [was] instituted primarily for a purpose other than that of bringing an offender to justice.”
 
 McClinton,
 
 792 So.2d at 974(¶ 15). Malice does not denote “mean or evil intent” to perform an action.
 
 Strong v. Nicholson,
 
 580 So.2d 1288, 1293 (Miss.1991). Robinson argues that Nelson acted with reckless disregard for his rights and his innocence when she stated, “well if he didn’t get it, he can prove himself that he didn’t,” and this Court should therefore infer malice from her statement. This statement was
 
 *667
 
 made on July 18, 2001, the morning after the wallet was taken. When Robinson returned to the store that morning, Nelson testified that she hesitated in calling the police because she did not believe Robinson was the man depicted on the surveillance tape. However, Nelson called the Madison Police Department, as she had been instructed, the day before, to notify them when Robinson returned to the store in order that he might be questioned about the wallet. There is nothing more that can be inferred from Nelson’s actions regarding Robinson’s guilt or innocence. There is no evidence in the record to support Robinson’s claim that Nelson’s motivation in notifying the police on July 18, 2001, was for any other purpose than justice. Nelson did not know Robinson on either a personal or professional level, nor did she have any type of interaction with Robinson prior to or subsequent to his coming into the store.
 

 B. False Imprisonment
 

 ¶ 19. The trial court granted summary judgment in favor of Nelson and Jubilee Chevron because Robinson’s imprisonment was based on the legal process issued by a court. Robinson contends that he was falsely imprisoned on two separate occasions, July 18, 2001, and July 26, 2002, through November 12, 2002. On November 7, 2008, Robinson filed a suit against Jubilee Chevron, which included a claim of false imprisonment.
 

 ¶ 20. During his first arrest on July 18, 2001, Robinson was detained for a few hours and was released after posting bond. A claim of false imprisonment is subject to a one-year statute of limitations.
 
 McGuffie v. Herrington,
 
 966 So.2d 1274, 1277(¶ 8) (Miss.Ct.App.2007);
 
 see Mound Bayou v. Johnson,
 
 562 So.2d 1212, 1218 (Miss.1990). Therefore, Robinson’s claim of false imprisonment on the first occasion, July 18, 2001, is time-barred; thus, it is procedurally barred.
 

 ¶ 21. To prevail upon a claim of false imprisonment a plaintiff is required to show: (1) that he was detained, and (2) the detention or imprisonment was unlawful.
 
 Thornhill v. Wilson,
 
 504 So.2d 1205, 1208 (Miss.1987). He must also show that the defendant personally and actively participated directly or through indirect procurement in the event.
 
 Sunshine Jr. Food Stores, Inc. v. Aultman,
 
 546 So.2d 659, 662 (Miss.1989) (citation omitted).
 

 ¶ 22. However, it is a complete defense to liability for a false imprisonment claim that the arrest or detention was by virtue of process legally sufficient in form and duly issued by a court or official having jurisdiction. A defendant will not be liable if he resorts to the court to prosecute a person for violation of the law if the proceeding is undergirded by probable cause.
 
 King v. Weaver Pants Corp.,
 
 157 Miss. 77, 82-88, 127 So. 718, 719 (1930).
 

 ¶ 23. Robinson’s second period of detention commenced on July 26, 2002, when he was arrested by the Madison County Sheriffs Department pursuant to a capias instanter to answer on his indictment for grand larceny. This detention ended on November 12, 2002, when Robinson was released, and the indictment nolle prossed due to lack of evidence. Wilkinson, the assistant district attorney who handled the indictment against Robinson, provided an affidavit relating to the reasons for Robinson’s arrest and indictment. In that affidavit, Wilkinson stated that Bell filed a complaint against Robinson alleging the theft of her wallet and wedding ring. He stated that the evidence against Robinson was the complaint filed by Bell, the statement of Nelson, and the representation of police officers that they believed
 
 *668
 
 that Robinson was the person seen on the surveillance videotape. The affidavit also stated that neither Nelson nor Jubilee Chevron urged the institution of proceedings against Robinson, and they did not appear before the grand jury which indicted Robinson.
 

 ¶24. Robinson’s second period of detention was the result of a lawful judicial proceeding. This proceeding was neither initiated, directly or indirectly, by Nelson or Jubilee Chevron; therefore, summary judgment was proper.
 

 C.Intentional Infliction of Emotional Distress
 

 ¶ 25. Robinson argues that Nelson’s alleged belief expressed to the Madison Police Department that he was the man in the surveillance video who took the wallet and wedding ring belonging to Bell when she did not directly see him was intentional and outrageous conduct. Further, Robinson contends that Nelson’s comment, “well, if he didn’t get it, he can prove himself that he didn’t,” was a cruel disregard or indifference to his rights, which ignores the obstacles an innocent man must cross to prove he did not commit a crime. Additionally, Robinson claims that within the 110 days he was imprisoned Nelson never recanted her statement; instead, she was insistent that tiie man depicted on the surveillance videotape was Robinson. This behavior on the part of Nelson is what Robinson claims caused him emotional distress.
 

 ¶ 26. The standard for a claim of intentional infliction of emotional distress is very high in Mississippi, focusing specifically on the defendant’s conduct and not the plaintiffs emotional condition.
 
 Funderburk v. Johnson,
 
 935 So.2d 1084, 1099(¶ 40) (Miss.Ct.App.2006). To prevail on a claim of intentional infliction of emotional distress, the plaintiff must prove that the defendant’s conduct was reckless, intentional, and so outrageous to such an extreme degree that it exceeds the bounds of decency and, thus, is not tolerated by a civilized community.
 
 Pegues v. Emerson Elec. Co.,
 
 913 F.Supp. 976, 982 (N.D.Miss.1996) (citations omitted).
 

 ¶ 27. The trial court, in reliance on
 
 Funderburk,
 
 held that Robinson’s claim of intentional infliction of emotional distress was without merit. The trial court found insufficient evidence to indicate that the alleged instigation of the criminal proceedings by the defendants or defendants’ conduct was the proximate cause of Robinson’s alleged emotional distress. This issue is without merit.
 

 D. Negligence and Gross Negligence
 

 ¶ 28. Actions for negligence claims are predicated upon a duty and the breach of that duty. In his negligence and gross negligence claims, Robinson argues that Nelson and Jubilee Chevron had the duty to follow the investigation of the allegations against him and to report any uncertainties which Nelson might have had regarding his identification.
 

 ¶29. As noted by the trial court the negligence claims are inextricable interwoven with the malicious prosecution and false imprisonment claims. Having found those claims to be without merit, the negligence claims are also without merit.
 

 E. Respondeat Superior
 

 ¶ 30. The trial court ruled that because summary judgment was granted in favor of Nelson on all claims against her, there was no genuine issue of material fact against her employer. Robinson argues that Jubilee Chevron was vicariously liable for any tort committed by Nelson while acting within the scope of her employment with Jubilee Chevron.
 

 
 *669
 
 ¶ 31. The doctrine of respondeat superior provides that an employer is liable for the actions of its employee if committed within the scope of employment.
 
 Funderburk,
 
 935 So.2d at 1106(¶ 68). “To be ‘within the scope of employment’, the act must have been committed in the course of and as a means to accomplishing the purposes of the employment and therefore in the furtherance of the master’s business.”
 
 Adams v. Cinemark USA, Inc.,
 
 831 So.2d 1156, 1169(¶ 9) (Miss.2002). Since this Court agrees with the trial court that the claims against the employee, Nelson, are without merit, the claims against the employer, Jubilee Chevron, are also without merit.
 

 CONCLUSION
 

 ¶ 32. The trial court’s decision to grant summary judgment in favor of the defendants, Hill City Oil Company, Inc. d/b/a Jubilee Chevron and Mahalie Nelson, as to Alvin Robinson’s claims for malicious prosecution, false imprisonment, intentional infliction of emotional distress, negligence, and gross negligence was proper. Therefore, this Court affirms the judgment of the Hinds County Circuit Court.
 

 ¶ 33. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ„ CONCUR.