MAXWELL, J.,
for the Court:
¶ 1. James L. “Buzz” Miles took possession of a vehicle owned by Paul Moak of Ridgeland Inc. (“Moak”) and agreed to pay Moak $19,200. After nearly seven months of nonpayment, Moak initiated a criminal action against Miles. The parties reached a settlement prior to trial, and the municipal court dismissed the case. Following dismissal, Miles sued Moak and its general manager for malicious prosecution and abuse of process. Miles appeals the circuit judge’s grant of summary judgment in Moak’s favor, claiming he raised fact issues on both claims. We disagree. Because a dismissal based on a negotiated settlement is not deemed to have terminated in the accused’s favor, his malicious prosecution claim fails. Miles also fails to show a perversion of the legal process, so his abuse-of-process claim also lacks support. We affirm.
FACTUAL AND PROCEDURAL BACKGROUND
¶ 2. Miles owned and operated Autoshow LLC. He had purchased used vehicles from Moak for many years. It was customary for Moak to deliver possession of a vehicle and its bill of sale to Miles prior to receiving payment. Under this arrangement, payment became due only when Moak notified Miles that title to the vehicle was ready to be picked up. The average number of days between Miles taking possession of a vehicle from Moak and Miles’s payment for that vehicle was nineteen days. The longest period of nonpayment was fifty-two days.
¶ 3. On September 30, 2008, Miles took possession of a 2006 GMC Yukon owned by Moak. There was an understanding Miles would pay Moak $19,200. As was the custom between the parties, Moak later notified Miles that title to the vehicle *584 was ready and that full payment was expected. But Miles refused to pay Moak.
¶ 4. On April 24, 2009, after nearly seven months without payment, Willoughby S. “Chip” Burns, Moak’s general manager, contacted the Ridgeland Police Department and reported the vehicle stolen. Burns informed a Ridgeland police officer that Miles had been in possession of the vehicle for nearly seven months and had continued to ignore Moak’s demands for payment. Burns provided a written statement describing the nonpayment. Shortly thereafter, Miles was arrested and charged with embezzlement under contract under Mississippi Code Annotated section 97-23-25 (Rev.2006).[1] Following his arrest, Miles admitted to a police officer that he had not paid Moak for the vehicle and had since sold it to a third party.
¶ 5. On July 27, 2009, Miles’s attorney initiated a settlement with Moak. Under its terms, Burns would request the charge against Miles be dismissed in exchange for full payment of the Yukon. The parties followed through with this arrangement, and the municipal court dismissed the case on July 28, 2009.
¶ 6. On April 14, 2010, Miles sued Moak for malicious prosecution and abuse of process.[2] Moak moved for summary judgment, arguing that Miles had failed to prove three of the six essential elements of malicious prosecution, and as a result, had presented no evidence Moak or Burns had abused the legal process. The circuit court granted summary judgment in Moak’s favor on both claims and denied Miles’s cross-motion for partial summary judgment.
¶ 7. On appeal, Miles claims his lawsuit should have survived summary judgment because Moak initiated the underlying criminal action solely to collect a civil debt.
STANDARD OF REVIEW
¶8. We conduct a de novo review of a circuit court’s grant or denial of a motion for summary judgment. Lewallen v. Slawson, 822 So.2d 236, 237 (¶ 6) (Miss.2002) (citation omitted). Summary judgment is proper “if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c). In determining whether summary judgment was proper, we view the facts in the light most favorable to the non-movant. Robinson v. Singing River Hosp. Sys., 732 So.2d 204, 207 (1112) (Miss.1999).
¶ 9. Summary judgment must be granted when the nonmoving party “fails to make a showing sufficient to establish the existence of an element essential to his case and on which he bears the burden of proof at trial.” Borne v. Dunlop Tire Corp., 12 So.3d 565, 570 (¶ 16) (Miss.Ct. App.2009) (citing Grisham v. John Q. Long V.F.W. Post, No. 1057, Inc., 519 So.2d 413, 416 (Miss.1988)). To withstand summary judgment, the nonmoving party *585 must produce significant probative evidence of a genuine issue for trial. Id. (citing Price v. Purdue Pharm. Co., 920 So.2d 479, 485 (¶ 16) (Miss.2006)).
DISCUSSION
I. Malicious-Prosecution Claim
¶ 10. To succeed on a claim for malicious prosecution, a plaintiff must prove six elements:
(1) the institution of a proceeding; (2) by, or at the insistence of the defendant; (3) the termination of such proceeding in the plaintiffs favor; (4) malice in instituting the proceedings; (5) want of probable cause for the proceeding; and (6) the suffering of the injury or damage as a result of the prosecution.
Robinson v. Hill City Oil Co., 2 So.3d 661, 665 (¶ 9) (Miss.Ct.App.2008) (quoting McClinton v. Delta Pride Catfish, Inc., 792 So.2d 968, 973 (¶ 8) (Miss.2001)). Failure to prove any element by a preponderance of the evidence is fatal to the plaintiffs claim. Perkins v. WaV-Mart Stores, Inc., 46 So.3d 839, 845 (¶ 10) (Miss.Ct.App.2010) (citing Robinson, 2 So.3d at 665 (¶ 9)).
A. Lack of Probable Cause
¶ 11. An action for malicious prosecution will not lie if probable cause exists for the initiation of criminal proceedings. Hudson v. Palmer, 977 So.2d 369, 381 (¶ 33) (Miss.Ct.App.2007). “Probable cause is determined from the facts apparent to the observer when prosecution is initiated.” Van v. Grand Casinos of Miss., Inc., 767 So.2d 1014, 1019-20 (¶ 14) (Miss.2000) (quoting Moon v. Condere Corp., 690 So.2d 1191, 1195 (Miss.1997)). To establish “[pjrobable cause requires the concurrence of (1) a subjective element— an honest belief in the guilt of the person accused, and (2) an objective element— reasonable grounds for such beliefs.” Strong v. Nicholson, 580 So.2d 1288, 1294 (Miss.1991) (citing Benjamin v. Hooper Elec. Supply Co., 568 So.2d 1182, 1190 (Miss.1990); Royal Oil Co. v. Wells, 500 So.2d 439, 443 (Miss.1986)). If the instigator of the action reasonably believed he had a good chance of establishing his case to the judge or jury’s satisfaction, probable cause exists. Owens v. Kroger Co., 430 So.2d 843, 846 (Miss.1983).
¶ 12. In his deposition, Moak’s owner explained his company’s ultimate goal in initiating criminal proceedings was to report a stolen vehicle, not to collect a civil debt. We note that before the Yukon episode, Miles delivered payment to Moak on average within nineteen days. The lag had never exceeded fifty-two days after receiving notification that title to a vehicle was ready to be picked up. Undisputed evidence established Miles ignored or refused Moak’s demands for payment for nearly seven months before Moak sought criminal action. And when questioned by police following his arrest, Miles admitted he had not paid Moak for the vehicle because of insufficient funds and had since sold it to a third party.
¶ 13. We find Miles’s conduct was far enough removed from the parties’ normal business practice that a reasonable person would conclude he committed some sort of crime. Thus, Miles failed to present sufficient evidence of a lack of probable cause for the criminal proceeding.
B. Termination of the Criminal Action
¶ 14. A claim for malicious prosecution also requires a “termination” of the proceedings in the plaintiffs favor. Robinson, 2 So.3d at 665 (¶ 9). Not all dismissals qualify as favorable termination for purposes of malicious-prosecution actions. Stewart v. Se. Foods, Inc., 688 So.2d 733, 737 n. 2 (Miss.1996). To consti *586 tute favorable termination in this context, “the dismissal of criminal proceedings must reflect on the merits of the criminal action.” Bearden v. BellSouth Telecomm., Inc., 29 So.3d 761, 764 (¶ 10) (Miss.2010) (citing Van v. Grand Casinos of Miss., Inc., 724 So.2d 889, 893 (¶ 15) (Miss.1998)). A criminal proceeding terminates in favor of the accused “only when [the] final disposition is such as to indicate [his] innocence.” Id. at 764 (¶ 11) (quoting Restatement (Second) of Torts § 660 cmt. a (1977)).
¶ 15. Under Mississippi law, “dismissal reached as a result of a voluntary settlement or compromise does not constitute a termination in favor of the accused.” Van, 724 So.2d at 892 (¶ 11) (citing Jones v. Donald Co., 137 Miss. 602, 602, 102 So. 540, 540 (1925); Stewart, 688 So.2d at 737 n. 2). In a factually similar case, the United States Court of Appeals for the Fifth Circuit held that dismissal of embezzlement charges following an agreement to pay for the allegedly embezzled items does not constitute favorable termination. Brabham v. O’Reilly Auto., Inc., 274 Fed. Appx. 373, 376 (5th Cir.2008) (unpublished).
¶ 16. Here, there is no dispute that Miles, through his attorney, initiated a compromise settlement with Moak. In a letter dated July 27, 2009, Miles's attorney confirmed that, in exchange for full payment of the Yukon, Moak would ask the municipal court to dismiss the embezzlement charge against Miles. Moak ultimately received payment, and the court agreed to dismiss the case. The dismissal resulted from the parties’ compromise and does not establish Miles’s innocence of the charge. Thus, the dismissal of Miles’s embezzlement charge does not qualify as a favorable termination.
C. Malice
¶ 17. Malice refers to the defendant’s objective in bringing the criminal proceeding. See Nassar v. Concordia Rod & Gun Club, Inc., 682 So.2d 1035, 1042 (Miss.1996) (citing Strong, 580 So.2d at 1293). In the context of a malicious-prosecution claim, malice “occurs when the primary purpose of prosecuting is one other than ‘bringing an offender to justice.’” Coleman v. Smith, 914 So.2d 807, 811-12 (¶ 12) (Miss.Ct.App.2005) (quoting Strong, 580 So.2d at 1293). Unlike probable cause, the malice inquiry focuses primarily on the defendant’s subjective state of mind at the time he filed the criminal action. See Page v. Wiggins, 595 So.2d 1291, 1293 (Miss. 1992).
¶ 18. Miles argues Moak and Burns initiated the criminal charge to collect a civil debt, not to bring Miles to justice. But there is no record evidence to support his contention. Miles failed to offer any evidence that Moak or Bums threatened him with criminal charges as a means to coerce payment. Nor is there evidence that Moak solicited Miles to pay in exchange for dismissal of the embezzlement charge. As previously discussed, Miles initiated the settlement discussion and agreed to a mercy dismissal. Therefore, we find Miles failed to prove malice on the part of Moak or Burns.
¶ 19. Based on Miles’s failure to prove three of the six essential elements of malicious prosecution, we find the circuit court properly granted summary judgment in Moak’s favor.
II. Abuse-of-Process Claim
¶ 20. To maintain an abuse-of-process claim, the plaintiff must prove the following elements by a preponderance of the evidence: (1) the defendant made an illegal use of process, (2) the defendant had an ulterior motive for exercising such *587 illegal use of process, and (3) damage resulted from the perverted use of process. Ayles ex rel. Allen v. Allen, 907 So.2d 800, 303 (¶ 10) (Miss.2005) (citing McLain v. West Side Bone & Joint Ctr., 656 So.2d 119, 123 (Miss.1995)). “An action for abuse of process differs from an action for malicious prosecution in that the latter is concerned with maliciously causing process to issue, while the former is concerned with the improper use of process after it has been issued.” State ex rel. Foster v. Turner, 319 So.2d 233, 236 (Miss.1975). The “crucial element of [abuse of process] is the intent to abuse the privileges of the legal system.” Allen, 907 So.2d at 303 (¶ 10) (citing McLain, 656 So.2d at 123).
¶ 21. We find Miles fails to show any perversion or unauthorized use of any legal process. Moak lawfully initiated the embezzlement action. Although Miles claims Moak abused the criminal process to collect a civil debt, Moak had probable cause to believe Miles’s nonpayment constituted a crime. Because Miles fails to show any improper use of process, we find summary judgment was proper on this claim.
¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON AND FAIR, JJ., CONCUR. RUSSELL, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION.

. Section 97-23-25 provides:
If any person shall fraudulently appropriate personal property or money which has been delivered to him on deposit, or to be carried or repaired, or on any other contract or trust by which he was bound to deliver or return the thing received or its proceeds, on conviction, he shall be punished by imprisonment in the penitentiary not more than ten years, or be fined not more than one thousand dollars and imprisoned in the county jail not more than one year, or either.

. Miles also asserted claims of negligence and gross negligence but does not appeal the circuit court’s dismissal those claims.