ISHEE, J.,
for the Court:
¶ 1. This case stems from a defective-product action that was filed in the Rankin County Circuit Court on April 29, 2011, by Johnson Trucking Company against Peter-bilt Truck Center of Jackson LLC and Caterpillar Inc. In its complaint, Johnson Trucking alleged causes of action for tor-tious breach of contract, breach of warranty, breach of fiduciary duties, and fraud in the inducement relating to its purchase of a truck from Peterbilt that contained a Caterpillar engine.
¶ 2. After filing an answer to Johnson Trucking’s complaint, both Peterbilt and Caterpillar filed motions for summary judgment, asserting that Johnson Trucking’s claims were barred by the applicable statutes of limitations. The motions were granted. Johnson Trucking filed a motion for reconsideration, which was denied. Johnson Trucking now appeals. Finding error, we reverse the circuit court’s judgment and remand the case for a new trial consistent with this opinion.
*538 STATEMENT OF FACTS
¶ 3. On September 29, 2004, Johnson .Trucking purchased from Peterbilt a 2005 model truck containing a Caterpillar C15 engine. In connection with the purchase of the truck, Johnson Trucking also purchased “On-Highway Vehicle Engine Extended Service Coverage” (extended-service coverage), which provided for any necessary repairs or replacement of the Caterpillar engine with limits of thirty-six months and 300,000 miles. On September 28, 2005, Johnson Trucking extended its coverage to limits of seventy-two months and 700,000 miles.
¶ 4. Approximately three months after the purchase of the truck, oil began blowing out from under the engine and the dipstick area, causing the dipstick to come out of the engine. Johnson Trucking initially took the truck to Peterbilt for repairs, but was referred to Caterpillar. Caterpillar advised Johnson Trucking that the truck would need to be repaired, which included putting in a new “kit.” It took approximately three months for the kit to come in and the repairs to be made. Caterpillar informed Johnson Trucking that the engine needed replacing or overhauling, but advised that the mileage was too low, and that Caterpillar could not approve such work.
¶ 5. Johnson Trucking continued to experience the same problem and returned the truck for repairs approximately every two months thereafter. Johnson Trucking contends that each time, Caterpillar undertook the repairs and represented that the problem was fixed. In March 2010, Peter-bilt advised Johnson Trucking that no further repairs would be made pursuant to the extended-service coverage. Caterpillar requested that Johnson Trucking leave the truck with Caterpillar so additional work could be performed on the engine. ¶ 6. On August 4, 2010, Johnson Trucking contacted Caterpillar regarding the matter. On August 24, 2010, Caterpillar requested permission to have the truck’s piston pack shipped to Caterpillar for testing. The piston pack was shipped for testing on October 22, 2010. Johnson Trucking made status requests in November 2010 and January 2011. Caterpillar responded in January 2011 that the matter was being reviewed. On February 6, 2011, Caterpillar advised Johnson Trucking that “destructive testing” would need to be performed on the equipment. Subsequently, a “Protocol for Destructive Testing & Inspection” was executed. The testing was not performed, however, and the equipment remains in Caterpillar’s possession.
¶ 7. On April 29, 2011, Johnson Trucking filed its complaint against Peterbilt and Caterpillar in the circuit court. Prior to the parties conducting discovery, Peter-bilt and Caterpillar filed motions for summary judgment asserting that Johnson Trucking’s claims were barred by the applicable statutes of limitations. On August 13, 2012, the motions were granted, and the case was dismissed. Johnson Trucking filed a motion for reconsideration, which was denied. Aggrieved, Johnson Trucking now appeals.
DISCUSSION
¶ 8. The standard of review of a trial court’s grant or denial of a motion for summary judgment is de novo. Miles v. Paul Moak of Ridgeland, Inc., 113 So.3d 580, 584 (¶ 8) (Miss.Ct.App.2012) (citation omitted). Summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c).
*539 ¶ 9. Johnson Trucking argues that the circuit court erred in granting summary judgment in favor of Peterbilt and Caterpillar. In granting summary judgment, the circuit court found that Johnson Trucking’s claims were barred by the statutes of limitations. Johnson Trucking contends that genuine issues of material fact exist regarding whether its various claims are barred by the applicable statutes of limitations. We agree.
¶ 10. There is no dispute as to the applicable statute of limitations for Johnson Trucking’s tort-based claims. The statute of limitations for claims for tortious breach of contract, breach of fiduciary duties, and fraud in the inducement is three years, pursuant to Mississippi Code Annotated section 15-1-49(1) (Rev.2012). This statute provides in pertinent part that, for “actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury.” Miss. Code Ann. § 15-1-49(2) (Rev.2012).
¶ 11. A claim for breach of warranty generally has a limitation period of six years, as set forth in Mississippi Code Annotated section 75-2-725(1) (Rev.2002). This breach “occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.” Miss.Code Ann. § 75-2-725(2) (Rev.2002). The issue here is when Johnson Trucking’s claims had accrued.
¶ 12. First, there is a dispute between the parties as to when the extended-service coverage took effect. Peterbilt and Caterpillar contend that the extended-service coverage took effect on September 29, 2004, when the original-coverage contract was purchased with the truck. Johnson Trucking argues the extended-service coverage did not go into effect until a year later when the coverage was upgraded on September 28, 2005. Peterbilt and Caterpillar assert that, even if the coverage did not go into effect until 2005, any claim stemming from the extended-service coverage as it pertains to the general three-year statute of limitations was barred on September 28, 2008.
¶ 13. Johnson Trucking, however, argues that Peterbilt and Caterpillar gave no indication until March 2010 that the extended-service coverage would not be honored. Johnson Trucking contends that, until that point, Peterbilt and Caterpillar had possession of the truck, performed repairs, and represented that the repairs were successful. Johnson Trucking asserts that March 2010 was the earliest date that Johnson Trucking discovered, or by reasonable diligence should have discovered, that Peterbilt and Caterpillar would not honor the extended-service coverage. Johnson Trucking also argues that questions remain as to the representations of Peterbilt and Caterpillar, the reliance of Johnson Trucking on those representations, and the date that Johnson Trucking knew or should have known that Peterbilt and Caterpillar were not going to honor the extended-service coverage.
¶ 14. Peterbilt and Caterpillar argue that, in relation to the breach-of-warranty claim, Johnson Trucking’s claim was barred six years after the date of delivery of the truck, as the warranty did not extend to future performance, but rather provided only for “repair or replacement.” Johnson Trucking, however, asserts that the warranty explicitly extended to future performance by the presence of the limitations of 700,000 miles and seventy-two months. Therefore, Johnson Trucking ar *540 gues that the general six-year limitation period for breach of warranty is inapplicable.
¶ 15. Both parties also interpret the details of the coverage differently. Johnson Trucking contends that since the truck had not yet reached 700,000 miles, it was still covered by the extended-service coverage. Peterbilt and Caterpillar argue that seventy-two months had passed, and therefore Johnson Trucking was no longer covered by the warranty. Johnson Trucking also alleges that the claims could not have accrued because it was not aware that Peterbilt and Caterpillar would not perform under the coverage, based on the representations made to Johnson Trucking. Peterbilt and Caterpillar both contend that Johnson Trucking was on notice of the damaged truck from the moment it first began to malfunction and was not repaired properly. Johnson Trucking asserts that a determination of the factual disputes must be made before a resolution can be reached as to whether or not the claims are barred by the applicable statutes of limitations.
¶ 16. The Mississippi Supreme Court has previously found:
[T]he statute of limitations commences upon discovery of an injury, and discovery is an issue of fact to be decided by a jury when there is a genuine dispute. Therefore, the critical question with which we are confronted is whether, in a summary judgment context, we can identify as a matter of law, the point at which [the plaintiff] knew or should have known or should have made an inquiry, based on the information available to him.
Weathers v. Metro. Life Ins. Co., 14 So.3d 688, 692 (¶ 14) (Miss.2009) (internal citations and quotation marks omitted). “[OJccasionally the question of whether the suit is barred by the statute of limitations is a question of fact for the jury; however, as with other putative fact questions, the question may be taken away from the jury if reasonable minds could not differ as to the conclusion.” Stringer v. Trapp, 30 So.3d 339, 342 (¶ 12) (Miss.2010) (citation omitted). Since discovery had not been conducted at the time the motion for summary judgment was granted, the record is limited for our review. Nonetheless, we find that reasonable minds could differ regarding the conclusion of whether or not Johnson Trucking’s claims were barred by the applicable statutes of limitations.
¶ 17. We conclude that genuine issues of material fact exist as to the accrual date of Johnson Trucking’s claims and as to whether the representations that were made by Peterbilt and Caterpillar to Johnson Trucking conflicted with the terms of the extended-service coverage. As such, we find that summary judgment was premature. Therefore, the circuit court’s judgment is reversed, and this case is remanded for proceedings consistent with this opinion.
¶ 18. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEES.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR. CARLTON, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.